**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

_____

APPEAL No. 13-4198
_____

KIM KINDER,

Appellant,

v.

MICHAEL L. WHITE

Defendant-Appellee

and

UNITED STATES OF AMERICA,

Plaintiff,

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA AT CHARLESTON

**BRIEF OF APPELLEE MICHAEL L. WHITE**

James M. Cagle (WV Bar No. 580)
1018 Kanawha Boulevard, East
1200 Boulevard Tower
Charleston, West Virginia 25301
(304) 342-3174
Email: Caglelaw@aol.com
*Counsel for Appellee Michael L. White*

## <u>TABLE OF CONTENTS</u>

ISSUES FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

      A.    The District Court Properly Interpreted and Applied Jaffee v. Redmond. . . . . . . . 3

      B.    The Supreme Court Consciously Left To The Lower Courts The Task of Considering The Contours of The Psychotherapist Privilege And Applying The Holding in <u>Jaffee</u> To The Circumstances of The Case. . . . . . . . . . 5

      C.    As Found By The District Court The Facts Below Represent A Perfect Storm For Addressing The Issue and For Finding An Exception To The Privilege. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      D.    The District Court's Orders Regarding Kim Kinder's Records Are In all Respects Proper. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

REQUEST THAT CASE BE SUBMITTED UPON BRIEFS AND RECORDS. . . . . . . . . . . . 12

i

## Table of Authorities

Bassine v. Hill, 450 F. Supp. 2d 1182 (D. Ore. 2006)...................................7

Jaffee v. Redmond 450 F. Supp. 2d 1185. ...................................4, 5, 11

U.S. v. Alperin, 128 F. Supp. 2d 1251 (N.D. Cal. 2001)...............................6, 7

U.S. v. Auster, 517 F. 3d 312 (5th Cir. 2008)...........................................8

U.S. v. Doyle 1 F. Supp. 2d 1187 (D. Ore. 1998). ...................................7

U.S. v. Ghane, 673 F. 3d 771(8th Cir. 2012)...................................6, 11

U.S. v. Hansen, 955 F. Supp. 1225 (D. Mont. 1997)...................................7

U.S. v. Hayes, 227 F. 3d 578 (2000). ...............................................8

U.S. v. Robinson, 583 F. 3d 1265 (2009). ...........................................8

## Constitutional Provisions

## Statutes

## Rules of Court

Rule 17 ( c ) of the Federal Rules of Criminal Procedure..............................10

Rule 104 of the Federal Rules of Evidence...........................................10

## Text

3 Weinstein's Federal Evidence §504.07 [9], 504-24 (2nd ed. 2000)........................7

**Issues For Review**

1.     Whether the Court correctly found an exception to the psychotherapist-patient privilege?

2.     Whether the Appellant has established that the records in question come within the psychotherapist-patient privilege?


**Statement of Facts**

Michael L. White was first indicted on May 9, 2012 when he was charged with aiding and abetting arson and with conspiracy to commit arson and mail fraud, JA-96. This indictment was dismissed by the government shortly before trial when Kimberly Kinder changed her account of events. Mr. White was again indicted on December 4, 2012, this time in a three count indictment which added a third charge of accessory after the fact. On May 10, 2013 a jury found Mr. White guilty of all three counts, finding that he conspired with Mr. and Mrs. Kinder to burn down a duplex apartment which he owned.

Kimberly Kinder was the primary government witness. Her testimony was first that she, acting alone, burned the duplex apartment at Mr. White's request, JA-97. That is the version which she provided in her first guilty plea hearing on June 19, 2012. Later and at trial she testified that it was her late husband, not her, who set the fire. She testified that White recruited them to commit the arson in return for money.

At her guilty plea which was entered in open court with Mr. White and his counsel present, Ms. Kinder told the District Court that she was taking a number of narcotic medications

1

and that she had an extensive history of psychiatric illnesses, hospitalizations and diagnoses of

schizophrenia and bipolar disorder, among other psychiatric problems.  That resulted in an

inquiry by the Court concerning Ms. Kinder's competency to enter the plea, JA-97.

      Based upon the information provided by Ms. Kinder to the Court on June 19, 2012, Mr.

White moved the Court to grant the early production of records of her treatment at hospitals

which she identified as places where she had received psychiatric treatment, JA-17-20.

      The Court initially granted Mr. White's motion for an <u>in camera</u> review of the hospital

records without granting Mr. White's motion in its entirety, JA-90-91.  Ms. Kinder appealed.

After conducting the <u>in camera</u> review the Court entered the order which Ms. Kinder also

appeals, JA-95-126.  The Court permitted defense counsel to have limited access to a total of 32

pages with redactions for counsel's use in his cross-examination of Ms. Kinder.

      In reaching its decision the District Court noted, among other things, that:

> Defendant will have free reign. . . to question Kinder on cross-examination
> regarding the history she revealed at her plea hearing [therefore] the
> Defendant's Confrontation Clause argument fails, JA-120-121.
>
> The factual circumstances of this case fairly implicate Defendant's right to
> a fundamentally fair trial.  Kimberly Kinder is the central government
> witness against Defendant and the Government's case may well hinge on
> her credibility.
>
> It is difficult to imagine a case that more acutely represents the tension
> between the psychotherapist-patient privilege and the due process rights of
> a criminal Defendant.  While the Court has chosen to recognize this
> exception, this holding must necessarily be limited to this perfect storm of
> facts, JA-123.

Thus, the Court below concluded that Mr. White's due process rights to a fair trial provides a

sufficient basis under these facts to permit limited access to Ms. Kinder's records for use in

cross-examination.

The Court also concluded that the records contained:

> "potentially exculpatory material that directly calls into question Kinder's ability to accurately perceive the events surrounding the Van Duplex fire." JA-124.

In reaching this conclusion the Court emphasized the close proximity in time between Kinder's mental health hospitalizations and events surrounding the conspiracy as well as Kinder's grand jury testimony.

## Summary of Argument

The U.S. District Court for the Southern District of West Virginia conducted an entirely proper analysis of the ruling in Jaffee v. Redmond, the cases which have addressed that decision, and the facts of the case below. The records of Kimberly Kinder to which defense counsel was provided access, substantially address her drug abuse and addiction, appear to be largely information which she provided at intake, and mirror that which Ms. Kinder provided in open Court at her plea hearing.

## Argument

### A.

### The District Court Properly Interpreted and Applied Jaffee v. Redmond

While acting in the line of duty a police officer named Marilu Redmond shot and killed one Ricky Allen. Redmond had answered an emergency call about a stabbing. She believed that Allen had a knife and was about to stab another person when she shot him. Redmond was sued

3

by Allen's administrator Jaffee under the Illinois wrongful death statute and for a civil rights

violation.  A verdict of $545,000 was returned against Redmond after the District Court

instructed the jury that it could presume that the contents of Redmond's counseling records were

unfavorable to Redmond.  The reason for this instruction was that during discovery it was

disclosed that Redmond, being distressed over the shooting, had received counseling from a

licensed clinical social worker.  Both Redmond and her counselor had previously defied a Court

order to produce those records to the Plaintiff in discovery.  When the matter reached the

Supreme Court, the Court framed the question as follows:

> ". . . whether a privilege protecting confidential communications between a psychotherapist and her patient "promotes sufficiently important interests to outweigh the need for probative evidence." Jaffee v. Redmond, 518 U.S. 1, at 10.

After examining this question the Court held that:

> ". . . confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." 518 U.S. at 15.

In conclusion the Court stated:

> "Because this is the first case in which we have recognized a psychotherapist privilege, it is neither necessary nor feasible to delineate its full contours in a way that would 'govern all conceivable future questions in this area.'" 518 U.S. at 18 citing Upjohn Co. v. U.S. 449 U.S. 383, 386 (1981).

4

The Court also stated in a footnote that:

> "Although it would be premature to speculate about most future developments in the federal psychotherapist privilege, we do not doubt that there are situations in which the privilege must give way, for example, if a serious threat of harm to the patient or to others can be adverted only by means of a disclosure by the therapist." Jaffee footnote. 19.

The Supreme Court thus recognized the existence of a federal psychotherapist privilege. However, the opinion otherwise provides scant guidance about how to interpret and apply the privilege in any circumstances other than in a case which is comparable to Jaffee.

The salient features in Jaffee are that it was a civil action, that the visits to the therapist occurred after the incident which was the subject of the civil action, and that the therapy occurred as the result of the incident. None of those features apply at all in the case sub judice. In short, there is nothing about Jaffee which would preclude the District Court in this case from examining the full contours of the privilege and considering the purposes of the privilege in the circumstances presented. In fact, the Court below was performing the precise task the Supreme Court left open - to ascertain the contours of the privilege the Court had recognized.

## B.

### The Supreme Court Consciously Left To The Lower Courts The Task of Considering The Contours of The Psychotherapist Privilege And Applying The Holding in Jaffee To The Circumstances of The Case.

The Appellant asserts that the psychotherapist privilege "is nearly absolute," Brief of Appellant p. 18. Assuming that Appellant means almost, but not quite absolute, it is worth considering how other Courts have addressed the privilege and whether they have characterized the privilege as "nearly absolute."

5

It is clear from reading the cases that many of the District and Circuit Courts which have addressed the psychotherapist-patient privilege after <u>Jaffee</u> do not consider the privilege as being so close to absolute as this Appellant asserts. In fact, Courts have at times struggled to apply the <u>Jaffee</u> privilege and at other times have disregarded <u>Jaffee's</u> injunction against balancing the interests involved. One decision disregarded <u>Jaffee</u> all together in reaching its conclusion about psychiatric records.

In <u>U.S. v. Ghane</u>, 673 F.3d 771 (8th Cir. 2012) the Court stated that it was considering the scope (contours) of the psychotherapist-patient privilege in order to decide whether to adopt a "dangerous patient" exception to the privilege. At trial the Court had allowed the testimony of both a physician's assistant and the treating psychiatrist concerning Ghane's admissions of criminal possession of potassium cyanide. Ghane was being interviewed and examined following a call made to the suicide hotline. The District Court concluded that the admissions to these medical providers fell within the "dangerous patient" exception to the privilege, therefore allowed their admission.

The Court of Appeals concluded that the physician's assistant merely engaged in an intake interview, therefore the form on which the notes were written were for the purpose of admission, not treatment. As such, the privilege did not apply. As to the psychiatrist, his records were certainly within the privilege. The Court then rejected the "dangerous patient" exception. Notwithstanding the foregoing, the Court found the admission of the psychiatrist's testimony against his patient to be harmless error.

In <u>U.S. v. Alperin</u>, 128 F. Supp. 2d 1251 (N.D. Cal. 2001) the Court had before it a motion to quash a subpoena directed to the victim's therapist. The U.S. argued in the alternative

6

that the Court should first conduct an <u>in camera</u> review.  In considering the matter the Court
noted that:

> "*Jaffee* does not discuss how the privilege is to be applied when a criminal
> Defendant's constitutional rights are implicated.  At least one noted
> commentator has concluded that an exception to *Jaffee* will be established
> when necessary to vindicate a Defendant's constitutional rights to a fair
> trial.  3 *Weinstein's Federal Evidence* §504.07 [9], 504-24 (2nd ed. 2000).

The Court in <u>Alperin</u> went on to order an <u>in camera</u> review on the reasoning that the victim's
mental health record could be material to a claim of self-defense and also could be relevant to the
victim's credibility, 128 F. Supp. 2d at 1255.

The decisions in <u>Bassine v. Hill</u>, 450 F. Supp. 2d 1182 (D. Ore. 2006) and <u>U.S. v. Doyle</u>
1 F. Supp. 2d 1187 (D. Ore. 1998) come from the same judicial district, but arrive at apparently
different results.  In the earlier decision in <u>Doyle</u> the Court granted the government's motion to
quash subpoenas of the victim's psychological records.  The Court found that even an <u>in camera</u>
review would be a breach of the privilege.  Eight years later in <u>Bassine</u> the Court granted an <u>in
camera</u> review of a victim's psychotherapist records noting that

> "*Jaffee* . . . was a civil case with no confrontation clause or due process
> consideration implicated" 450 F. Supp. 2d at 1185.

The Court in <u>U.S. v. Hansen,</u> 955 F. Supp. 1225 (D. Mont. 1997) granted a Rule 17( c )
motion to produce the psychiatric records of a murder victim as being

> ". . . consistent with the Jaffee Court's intent that the precise contours of
> the privilege be developed in specific cases."

The Tenth Circuit Court of Appeals recently reversed a conviction because the District
Court, after reviewing the records of the confidential informant's involuntary commitment,

refused access to them.  The defense was also not allowed at trial to ask any question of th CI about his mental health history or use of prescription drugs.  The CI had a long history of auditory hallucinations, seeing things which were not there, and hearing voices telling him what to do.  His medical records revealed extensive use of illegal drugs.  The Court concluded that the limitations which were placed on defense cross-examination violated the Confrontation Clause, U.S. v. Robinson, 583 F. 3d 1265 (2009).

Interestingly, Robinson never mentions Jaffee in the majority opinion.  The dissent mentions Jaffee only with the passing remark that the CI's statements to his psychiatrist and their statements regarding his treatment "were potentially subject to federal privilege.  See Jaffee v. Redmond. . ."  583 F. 3d at 1279.

In U.S. v. Hayes 227 F. 3d 578 (2000) the Sixth Circuit declined to recognize the "dangerous patient" exception to the privilege.  That decision resulted in the dismissal of an indictment.  By contrast, the Fifth Circuit addressed in a similar prosecution growing out of a threat made by the accused.  The accused during a therapy session told the therapist of the threat which the therapist reported.  The Court found that no expectation of confidentiality existed because the therapist had informed the accused that his threats would be communicated to potential victims, U.S. v. Auster, 517 F. 3d 312 (5th Cir. 2008).

In view of the foregoing cases, the suggestion that the privilege as first announced by Jaffee is "nearly absolute" is a stretch.  On the contrary,  it can be reasonably argued that the psychotherapist-patient privilege remains in its nascent stage.  Certainly its scope remains undeveloped, even uncertain.   The Supreme Court has yet to address the privilege or provide any guidance for a criminal case.  As is clear, lower courts have been both creative and inconsistent

in interpreting the privilege in criminal cases.  Thus, to argue as the Appellant does herein that the District Court somehow violated, disregarded, or through tortured logic evaded the holding in Jaffee is to ignore the obvious fact that the Supreme Court wanted Courts like the Southern District of West Virginia to develop the contours of the privilege.    Having done so, the Court hardly erred.

**C.**

**As Found By The District Court The Facts Below Represent A Perfect Storm For Addressing The Issue and For Finding An Exception To The Privilege**

The District Court concluded that finding this exception to the privilege was the result of what the Court characterized as a "perfect storm of facts," JA-123.  What follows are some of the most relevant of facts found by the Court below:

Ms. Kinder had an addition to drugs, JA-97, 124.

Ms. Kinder testified in open Court at her plea hearing that she had been admitted four times to psychiatric wards for depression, suicide attempts, and that she had been diagnosed with schizophrenia, depression and bipolar disorder, JA-90, 97, 103.

Ms. Kinder was the government's witness who gave varying accounts about whether she or her late husband set the fire, resulting in the dismissal of the first indictment, JA-96.

The psychiatric condition suffered by Ms. Kinder are associated with hallucinations, delusions, disordered thinking and detachment from reality, JA-103.

The United States conceded that it had no intention to exclude evidence of Kinder's mental health history as revealed at her plea hearing, JA-120.

9

Admissions for psychiatric care occurred at times close to Kinder's false testimony to the grand jury and to the time of the alleged conspiracy with Mr. White, JA-124.

Based upon the foregoing, the Court properly concluded that both the drug addiction and the psychiatric conditions represented a relevant area for inquiry into Kinder's credibility, JA-103. The only way to provide an honest and thorough means to address those conditions naturally is through the records of the very hospitalizations which Ms. Kinder had herself reported to the Court at her plea hearing in the presence of Mr. White and his counsel.

**D.**

**The District Court's Orders Regarding Kim Kinder's
Records Are In all Respects Proper**

The Appellant first challenges the Court's order which required an <u>in camera</u> review of Ms. Kinder's records, JA-90. Appellee submits that this represents a hollow challenge to an event which resulted in no prejudice to Ms. Kinder. Ms. Kinder was to be sentenced by the very Judge who entered this Order. Ms. Kinder signed an authorization for the probation department to get these records which then could be used in their PSI. Her medical conditions likely could be a factor which would help her at sentencing. Rule 17( c) of the Federal Rules of Criminal Procedure and Rule 104 of the Federal Rules of Evidence contemplate such reviews. The <u>in camera</u> review represents the only way for a Court to determine whether such records contain privileged material. There was no error.

The Appellant next challenges the Memorandum Opinion and order, <u>JA-95</u>. Appellant's primary argument is that the Court improperly "balanced" the interests involved. It appears that this Appellant wants to assert that the Court below balanced these interests not because that is

10

what occurred, rather simply because Jaffee informs us that balancing should not take place. However, Appellant is wrong - the Court did not engage in balancing of interests in its analysis. On the contrary, the Court was specific in its finding that the circumstances below resulted in an exception to the psychotherapist-patient privilege.

The District Court conducted a thorough analysis of the facts and the applicable case law, as inconsistent as it is. Finding an exception to the privilege is no different than finding that the privilege had been waived or that the disclosure was subject to the "dangerous patient" exception as the District Court found in U.S. v. Ghane, supra.

It is submitted that the District Court could have properly found that Ms. Kinder had waived any privilege she might have had in these records by talking about her hospitalizations and drug addiction in open court, thus she had no reasonable expectation of privacy after that point. The Court could also have found that the few records which were actually turned over to Mr. White's counsel (some 32 pages with substantial redactions) do not come within the privilege as Jaffee defines it. Jaffee protects conversations between patients and therapists and notes made in counseling sessions from compelled disclosure, 518 U.S. at pp. 5-17. The 32 pages which were turned over not only contain more redactions than writing, but for the most part, they also contain historical information provided by Kinder at intake and address as much as anything Kinder's drug abuse. As notes, she disclosed the same information at her plea. It is for that reason that counsel files herewith a motion under Rule 27 of the Rules of Appellate Procedure. Upon a review of the records, which remain sealed, this Court may indeed conclude that the records are not such as should be deemed privileged under Jaffee.

11

## Conclusion

For the foregoing reasons the decision of the U.S. District Court for the Southern District of West Virginia should be affirmed.

### Request That Case Be Submitted
### Upon Briefs and Record

The facts and arguments are adequately presented in the briefs together with the record presented, therefore counsel does not believe that oral argument will provide significant aid to the decisional process.

/s/ James M. Cagle
James M. Cagle (WV Bar No. 580)
1018 Kanawha Boulevard, East
1200 Boulevard Tower
Charleston, West Virginia 25301
(304) 342-3174
Email: Caglelaw@aol.com
*Counsel for Appellee Michael L. White*

12

<u>CERTIFICATE OF SERVICE</u>

To:    Thomas C. Ryan (WV Bar#9883)
       Assistant Unites States Attorney
       300 Virginia Street, East
       Room 400
       Charleston, WV 25301
       Email– thomas.ryan@usdoj.gov

       Jonathan D. Byrne, Esq.
       Appellate Counsel
       Room 3400, United States Courthouse
       300 Virginia Street, East
       Charleston, WV 25301
       Email– jonathan_byrne@fd.org

       Lex A. Coleman, Esq.
       Assistant Federal Public Defender
       Office of the Federal Public Defender
       Room 3400, United States Courthouse
       300 Virginia Street, East
       Charleston, WV 25301
       Email– lex_coleman@fd.org

The undersigned, James M. Cagle, Counsel for the Defendant/Appellee, Michael L. White

does hereby certify that a true and correct copy of the ***Brief of Appellee Michael L. White*** was

electronically filed with the Clerk of Court using the CM/ECF System to the above counsel of

record, on this the 17th day of June, 2013.

                                        /s/ James M. Cagle
                                        James M. Cagle (WV Bar No. 580)
                                        1018 Kanawha Boulevard, East
                                        1200 Boulevard Tower
                                        Charleston, West Virginia 25301
                                        (304) 342-3174
                                        Email: Caglelaw@aol.com
                                        *Counsel for Appellee Michael L. White*

13